**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| JOSE LUIS RODRIGUEZ-RAMOS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C 13-4034-MWB<br>(No. CR 10-4011-2-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS PETITIONER'S § 2255 MOTION AS UNTIMELY** |

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION ............................................................................ 2*
  *A.  Procedural Background ......................................................... 2*
  *B.  Factual Background ............................................................. 3*
  *C.  Arguments Of The Parties ..................................................... 5*
*II.  LEGAL ANALYSIS ........................................................................ 7*
  *A.  Standards For A Rule 12(b)(6) Motion To Dismiss ...................... 7*
  *B.  Standards For Equitable Tolling ............................................ 10*
  *C.  Rodriguez-Ramos's Equitable Tolling Argument ....................... 12*
    *1.  "Diligence" ............................................................. 12*
    *2.  "Extraordinary circumstances" ................................... 16*
*III. CONCLUSION ............................................................................ 19*

## I. INTRODUCTION

### A. *Procedural Background*

In his April 19, 2013, *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 1), petitioner Jose Luis Rodriguez-Ramos asserts that his trial counsel provided ineffective assistance and that I erred in sentencing him. More specifically, he claims that his trial counsel improperly advised him on plea offers and improperly counseled him about whether or not to proceed to trial without seeking an evaluation of his mental condition, despite knowing that he was "simple," uneducated, and easily manipulated, which prevented counsel from making proper strategic decisions. He also claims that I imposed an unreasonable sentence by failing to consider properly the sentencing factors contained in 18 U.S.C. § 3553(a), because he got a longer sentence than an "organizer" of the drug conspiracy with which he was charged, despite the fact that I found that he was only an "assistant."

The case is now before me on the respondent's May 21, 2013, Motion To Dismiss (Civ. docket no. 3), in which the respondent asserts that Rodriguez-Ramos's § 2255 Motion must be dismissed as untimely. After extensions of time to do so, counsel, who had been appointed to represent Rodriguez-Ramos upon initial review of Rodriguez-Ramos's § 2255 Motion, filed Rodriguez-Ramos's Resistance To Respondent's Motion To Dismiss (docket no. 11) on September 16, 2013. In his resistance, Rodriguez-Ramos asserts that "equitable tolling" should excuse the admitted untimeliness of his § 2255 Motion. The respondent filed no reply in further support of its Motion To Dismiss.

The respondent's Motion To Dismiss is now fully submitted.[1]

### B.     *Factual Background*

The dockets in this case and Rodriguez-Ramos's underlying criminal case (CR 10-4011-MWB (N.D. Iowa)) reveal the following chronology of significant events. On August 26, 2010, a jury convicted Rodriguez-Ramos on a "drug conspiracy" charge involving distribution of methamphetamine and cocaine. *See* Verdict Form (Crim. docket no. 285).[2] The jury convicted co-defendant German Expectacion Robles-Garcia on the same "drug conspiracy" charge and on a "kidnapping" charge on which Rodriguez-Ramos was not charged. *Id.*[3] I denied Rodriguez-Ramos's September 2, 2010, Motion For Judgment Of Aquittal Or In The Alternative New Trial (Crim. docket no. 292) in an Order (Crim. docket no. 298) filed September 15, 2010. On December 6, 2010, I sentenced Rodriguez-Ramos to 260 months of imprisonment, the mandatory minimum on the "drug conspiracy" conviction, *see* Judgment (Crim. docket no. 390), after granting

---

[1] Although Rodriguez-Ramos asserts that he has generated a sufficient question on equitable tolling to warrant a telephonic evidentiary hearing, I will consider whether or not further proceedings on equitable tolling are required in the body of this ruling.

[2] The "drug conspiracy" charge, in a Fourth Superseding Indictment (Crim. docket no. 262), handed down August 18, 2010, was allegedly in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (B), and 846. The jury found that Rodriguez-Ramos could be held responsible for distribution of 50 grams or more of methamphetamine mixture, 50 grams or more of actual (pure) methamphetamine, and 500 grams or more of cocaine, as objectives of the conspiracy.

[3] The jury found that Robles-Garcia could be held responsible for distribution of less than 50 grams of methamphetamine mixture, 50 grams or more of actual (pure) methamphetamine, and 5 kilograms or more of cocaine, as objectives of the conspiracy. The "kidnapping" charge against Robles-Garcia was pursuant to 18 U.S.C. § 1201.

his motion for downward variance, *see* Sentencing Hearing Minutes (Crim. docket no. 388).[4]

On December 13, 2010, Rodriguez-Ramos filed a Notice Of Appeal (docket no. 396), based on my failure to grant a role reduction in his sentence, but the Eighth Circuit Court of Appeals affirmed his sentence in an opinion filed December 9, 2011. *See* Crim. docket no. 434); Judgment (Crim. docket no. 435). The Eighth Circuit Court of Appeals denied Rodriguez-Ramos's petition for rehearing en banc on January 12, 2012, *see* Crim. docket no. 437, and that court's Mandate (Crim. docket no. 439) issued on January 19, 2012. Rodriguez-Ramos alleged in his *pro se* § 2255 Motion that the Supreme Court denied his petition for a writ of certiorari on April 16, 2012, but, as his § 2255 counsel concedes in Rodriguez-Ramos's Resistance to the respondent's Motion To Dismiss, there is no record that Rodriguez-Ramos ever filed any petition for a writ of certiorari. Rather, Rodriguez-Ramos's co-defendant, German Robles-Garcia, filed a petition for a writ of certiorari on February 29, 2012, *see* Crim. docket no. 442), which was denied on April 16, 2012, *see* Crim. docket no. 446).

On February 24, 2012, Rodriguez-Ramos filed in his criminal case a *pro se* Motion Requesting Relief Under Fast-Track Program (Motion For Reduction Of Sentence) (Crim. docket no. 440), challenging his sentence on the ground that he was a deportable alien, but that he was never offered the benefit of a fast-track "discount" on his sentence. On October 9, 2012, Rodriguez-Ramos filed a *pro se* Notice (Crim. docket no. 444), stating, *inter alia*, that he would "withdraw the motion for reduction of sentence currently pending if the court construes such filing as a § 2255 Motion." In an Order (Crim.

---

[4] The reasons for my variance were Rodriguez-Ramos's absence of criminal history, lack of knowledge of the full scope of the conspiracy, minimal education, inability to read or write, his lack of sophistication, and how easily he could be manipulated. Sealed Statement Of Reasons (Crim. docket no. 391).

docket no. 445), filed October 9, 2012, I stated, "Because I construe Rodriguez-Ramos's motion to reduce to be a § 2255 motion, Rodriguez-Ramos's pro se motion to withdraw his motion to reduce sentence is granted." I gave no indication in that Order of what effect, if any, withdrawal of Rodriguez-Ramos's Motion For Reduction Of Sentence, construed as a § 2255 Motion, might have on his time for filing of any subsequent § 2255 Motion.

### C. *Arguments Of The Parties*

In support of its Motion To Dismiss, the respondent argues that Rodriguez-Ramos's deadline for filing a petition for a writ of certiorari on his criminal conviction would have been April 11, 2012. When Rodriguez-Ramos did not do so, the respondent argues, the one-year statute of limitations on his § 2255 Motion, pursuant to 28 U.S.C. § 2255(f), began to run. Thus, the respondent argues, Rodriguez-Ramos's deadline to file his § 2255 Motion expired on April 12, 2013. The respondent argues that Rodriguez-Ramos's § 2255 Motion, for which he provided a certificate of service dated April 15, 2013, and which was postmarked April 16, 2013, and filed April 19, 2013, was untimely. As to possible "equitable tolling" of the statute of limitations, the respondent argues only that Rodriguez-Ramos has not alleged in his § 2255 Motion or otherwise proved either that extraordinary circumstances made it impossible for him to file a timely § 2255 Motion or that the conduct of the government had lulled him into inaction.

In his Resistance, Rodriguez-Ramos admits that, based on the respondent's timeline, "it looks bad for Movant." Resistance at 1. Nevertheless, he argues that I should exercise "equitable tolling" to excuse the untimeliness of his § 2255 Motion, or at least hold an evidentiary hearing to determine whether or not equitable principles

5

excuse that untimeliness.[5] He argues that there is "no doubt" that he acted diligently to pursue his rights, because he filed his original § 2255 Motion (that is, his Motion For Reduction Of Sentence, which he voluntarily withdrew when I construed it as a § 2255 Motion) on February 24, 2012. He contends that, because he did not have counsel at that time, I should have *sua sponte* advised him about the risks of dismissing his Motion and the one-year statute of limitations for a § 2255 Motion. Rodriguez-Ramos concedes that I did not "deliberately mislead" him. Nevertheless, he contends that I left him with the impression that the one-year clock had been stopped during the time that his Motion For Reduction Of Sentence was pending, from February 24, 2012, until it was withdrawn pursuant to my Order on October 9, 2012, which recharacterized it as a § 2255 Motion. He contends that "[t]here would be no other reason to construe the original motion as a section 2255 motion other than to preserve the timeliness of Movant's Section 2255 claims." Thus, he contends, he was left to believe that he had all of that extra time to file for § 2255 relief. He contends that he has presented a close enough question on equitable tolling to warrant a telephonic evidentiary hearing.

The respondent did not file a reply in further support of its Motion To Dismiss.

---

[5] In Rodriguez-Ramos's Resistance, Rodriguez-Ramos's § 2255 counsel candidly admits that he considered filing an *Anders* brief in response to the respondent's Motion To Dismiss, but that he believed it was his obligation to attempt to craft a reasonable argument to avoid dismissal. Counsel explained, further, that the only such reasonable argument that he could find was equitable tolling.

## II. LEGAL ANALYSIS

### A. Standards For A Rule 12(b)(6) Motion To Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).[6] As the Eighth Circuit Court of Appeals has explained,

> We review de novo the district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party. *See Palmer v. Ill. Farmers Ins. Co.*, 666 F.3d 1081, 1083 (8th Cir. 2012); *see also* Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); *accord Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438 (8th Cir. 2013) (quoting *Richter*,

---

[6] In *Moore v. United States*, 173 F.3d 1131 (8th Cir. 1999), the Eighth Circuit Court of Appeals held that the references to a "period of limitation" and a "limitation period" in 28 U.S.C. § 2255(f) "does not purport to limit the jurisdiction of the courts," and, as such, is subject to "equitable tolling." 173 F.3d at 1134. More importantly, here, because the "statute of limitations" in § 2255(f) is not "jurisdictional," a motion to dismiss based on untimeliness is a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, rather than a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

686 F.3d at 850); *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (stating the same standards).

Although factual "plausibility" is ordinarily the central focus of Rule 12(b)(6) motions to dismiss under this *Twom-bal* standard,[7] various federal Circuit Courts of Appeals have expressly recognized, and the Eighth Circuit Court of Appeals has suggested, that the *Twom-bal* standard still permits dismissal pursuant to Rule 12(b)(6) of a claim that lacks a cognizable legal theory, in addition to permitting dismissal for factual implausibility. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an "indisputably meritless legal theory"); *Commonwealth Property Advocates, L.L.C. v. Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief."); *see also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (recognizing that a claim must plead sufficient facts under a "viable legal theory"); *cf. Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926, 933 n.7, 934 (8th Cir. 2013) (noting the appellate court's agreement "with the district court's sound reasoning that the facts pled do not state a cognizable claim under Arkansas law" and holding that dismissal pursuant to Rule 12(b)(6) was appropriate, because Arkansas law did not impose the purported duty on which an unjust enrichment claim and a state

---

[7] The "*Twom-bal* standard" is my nickname for the "plausibility" pleading standard established in the United States Supreme Court's twin decisions on pleading requirements, and standards for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for claims in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

statutory claim were based). It is precisely the lack of a cognizable legal theory for Rodriguez-Ramos's § 2255 Motion, because it is untimely, that is the proper basis for the respondent's Motion To Dismiss in this case.[8]

Nevertheless, further discussion of the factual "plausibility" standard under *Twom-bal* is illuminating here, because it clarifies what parts of the record I may properly consider. In assessing "plausibility," as required under the *Twom-bal* standard, the Eighth Circuit Court of Appeals has explained that courts "consider[ ] only the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint.'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4

---

[8] In cases in which factual "plausibility" really is the determinative issue, courts consider "plausibility" under the *Twom-bal* standard by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney*, 700 F.3d at 1128 (quoting *Iqbal*, 556 U.S. at 679). Also, courts must "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). The Eighth Circuit Court of Appeals has refused, at the pleading stage, "to incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of *Iqbal* and *Twombly*." *Id.* Nevertheless, the question "is not whether [the pleader] might at some later stage be able to prove [facts alleged]; the question is whether [it] has adequately asserted facts (as contrasted with naked legal conclusions) to support [its] claims." *Id.* at 1129. Thus,

> [w]hile this court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *[Bell Atl. Corp. v.] Twombly*, 550 U.S. [544,] 555, 127 S.Ct. 1955 [(2007)]).

*Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012); *Whitney*, 700 F.3d at 1128 (stating the same standards).

(8th Cir. 2003)).  Thus, courts may consider "'materials that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999), and citing *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011)).  A more complete list of the matters outside of the pleadings that the court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), includes "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Miller*, 688 F.3d at 931 n.3 (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)).  Thus, here, I may consider the docket in the underlying criminal case, from which Rodriguez-Ramos seeks § 2255 relief, because it is integral to his claim and necessarily embraced by the pleadings.

### B. Standards For Equitable Tolling

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255(f) provides as follows:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > **(1)** the date on which the judgment of conviction becomes final;
> >
> > **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

10

> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Thus, the AEDPA "imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (citing *Johnson v. United States*, 544 U.S. 295, 299 (2005)).

Rodriguez-Ramos does not dispute that his conviction became final on April 11, 2012, ninety days after the judgment of the Eighth Circuit Court of Appeals denying rehearing en banc on his appeal of his sentence, because no petition for a writ of certiorari was filed. *See* 28 U.S.C. § 2255(f)(1). Rodriguez-Ramos also does not dispute that his § 2255 Motion, for which he provided a certificate of service dated April 15, 2013, and which was postmarked April 16, 2013, and filed April 19, 2013, was untimely. Rather, he asserts that the statute of limitations should be "equitably tolled," so that his § 2255 Motion can be considered timely.

The Eighth Circuit Court of Appeals recently summarized the requirements for "equitable tolling" of the "limitations period" in § 2255(f) for a § 2255 motion, as follows:

> The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005))

11

> (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) (applying same rule to section 2255 motions). We review this claim de novo. *See Martin*, 408 F.3d at 1093.

*Muhammad*, 735 F.3d at 815. I will consider, in turn, the two requirements that Rodriguez-Ramos must establish to obtain equitable tolling of the statute of limitations for his § 2255 Motion. *Id.*

### C. *Rodriguez-Ramos's Equitable Tolling Argument*

#### 1. *"Diligence"*

As to the "diligence" prong of equitable tolling, the Eighth Circuit Court of Appeals has explained,

> "The diligence required for equitable tolling purposes is 'reasonable diligence' not 'maximum feasible diligence.'" *Holland [v. Florida]*, [560 U.S. 631, 653,] 130 S.Ct. [2549,] 2565 [(2010)] (internal citations and quotation marks omitted). In *Holland*, the Supreme Court decided the habeas petitioner had acted with reasonable diligence when he wrote his attorney numerous letters requesting information and providing direction; repeatedly contacted state courts, state court clerks, and the state bar association in an attempt to have his attorney removed from the case; and prepared his own habeas petition and filed it on the very day he discovered he was out of time. *Id.*
>
> This court has found a section 2255 movant demonstrated diligence when he hired counsel well ahead of the deadline, "did everything in [his] power to stay abreast of the status of his case," provided original documents to his attorney to assist with the motion, filed a complaint with the state bar, and filed motions with the district court seeking an extension of time and the return of documents submitted to the attorney. *Martin*, 408 F.3d at 1095.

*Muhammad*, 735 F.3d at 816-17; *accord Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) ("'Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option.' *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002). But, it does at least require that a prisoner make *reasonable* efforts to discover the facts supporting his claims. *Id*." (emphasis in the original)).

In *Muhammad*, the court concluded that the prisoner had not acted diligently, because he did nothing to monitor the status of his case, but simply assumed "inexplicably" that his attorney's failure to respond to his inquiries meant that the attorney "was working on his case." *Id*. at 817. The court contrasted that conduct with another prisoner's attempts to contact the court to determine if his attorney had filed his § 2255 Motion, which the court described as "an action that certainly would fall under 'reasonable diligence' in th[at] case." *Id*. (citing *Anjulo–Lopez*, 541 F.3d at 819). The court noted that, even after learning of his deadline, the prisoner in *Muhammad* did not file his § 2255 Motion "immediately" and that the time for filing expired in the interim between his learning of the deadline and his submission of the motion. *Id*.; *see also Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013) (holding that a prisoner had failed to demonstrate "diligence" for purposes of equitable tolling for the same reason that he had failed to show "diligence" to invoke the statute of limitations under § 2255(f)(4), where he had waited several years before pursuing expungement of his disciplinary actions); *Anjulo-Lopez*, 541 F.3d at 818-19 (finding that the prisoner had not used reasonable efforts to discover the facts underlying his claim, so he had not acted diligently, where he waited an entire year before he even tried to contact his attorney about his appeal, and the lack of any notice of appeal was a matter of public record, which a duly diligent person in the prisoner's position could have discovered).

Here, I disagree with Rodriguez-Ramos's contention that his filing of a motion for reduction of his sentence, then withdrawing it when I construed that motion as a § 2255 Motion, demonstrates "diligence." Rodriguez-Ramos was clearly aware of his opportunity to file a § 2255 Motion, because he expressly stated in his October 9, 2012, *pro se* Notice (Crim. docket no. 444) that he would "withdraw the motion for reduction of sentencing currently pending if the court construes such filing as a § 2255 Motion." I promptly responded to his Notice, in my October 9, 2012, Order (Crim. docket no. 445), by stating, "Because I construe Rodriguez-Ramos's motion to reduce to be a § 2255 motion, Rodriguez-Ramos's pro se motion to withdraw his motion to reduce sentence is granted." Rodriguez-Ramos then did nothing at all to pursue § 2255 relief until he served his § 2255 Motion about six months later, on April 15, 2012, which demonstrates a clear lack of "diligence." *See Deroo*, 709 F.3d at 1246 (finding no demonstration of "diligence," where the prisoner had waited several years before pursuing expungement of his disciplinary actions); *Anjulo-Lopez*, 541 F.3d at 818-19 (finding no "diligence" where the prisoner waited a year before he even tried to contact his attorney about his appeal); *and compare Muhammad*, 735 F.3d at 817 (noting that undoubtedly reasonable "diligence" had been shown where a prisoner repeatedly contacted his attorney to determine whether his § 2255 Motion had been filed).

I have previously held that a prisoner does not necessarily have to act "immediately" to file a § 2255 Motion, after becoming aware that his counsel had not taken appropriate action or that the § 2255(f) deadline was imminent or had passed. *See Koons v. United States*, ___ F. Supp. 2d ___, 2013 WL 357734, *7 (N.D. Iowa Jan. 31, 2014). Similarly, Rodriguez-Ramos was not required to use "'maximum feasible diligence.'" *Muhammad*, 735 F.3d at 816 (quoting *Holland*, 560 U.S. at 653). Even so, "reasonable diligence" requires a prisoner to do *something* more than watch the statute of limitations run out, where the record would show to a duly diligent person that no

14

petition for writ of certiorari had been filed and no other action to delay the running of the statute of limitations had occurred in his case. *Cf. Anjulo-Lopez*, 541 F.3d at 818-19 (finding that the prisoner had not acted diligently, where he waited an entire year before he even tried to contact his attorney about his appeal, and the lack of any notice of appeal was a matter of public record, which a duly diligent person in the prisoner's position could have discovered).

Moreover, nothing here suggests that attempting to file a § 2255 Motion in the time between Rodriguez-Ramos's withdrawal of his Motion For Reduction Of Sentence, construed as a § 2255 Motion, and the filing of a different § 2255 Motion, on the same or, in this case, entirely different grounds, would have been an exercise in futility. *See Anjulo-Lopez*, 541 F.3d at 818. Finally, nothing in the record suggests that the grounds for Rodriguez-Ramos's current claims for § 2255 relief, which differ from those he asserted in his Motion For Reduction Of Sentence, which he withdrew when it was construed as a § 2255 Motion, were unknown or unknowable to him at the time that he filed his Motion For Reduction Of Sentence. *Compare. Martin*, 408 F.3d at 1091-92 (concluding that a prisoner had acted diligently, even though he did not file his § 2255 Motion until almost five months after his deadline, where his attorney had told him that there was no deadline). His failure to do anything to assert those claims—or the § 2255 claim on which his Motion For Reduction Of Sentence had been based—for six months is simply inexplicable. *Cf. Muhammad*, 735 F.3d at 817 (finding a prisoner's failure to do anything to monitor his case, and simply assuming that his attorney's failure to respond to his inquiries meant that the attorney was working on his case, was "inexplicable").

Rodriguez-Ramos has failed to demonstrate that he acted "diligently" to file his § 2255 Motion—or even to generate any factual question warranting a hearing on whether or not he acted "diligently." *Id.* at 816-17 (explaining that "equitable tolling" requires both "diligence" by the prisoner and "extraordinary circumstances").

### 2. *"Extraordinary circumstances"*

Although Rodriguez-Ramos has failed to demonstrate that he acted "diligently," I will also consider the second requirement for "equitable tolling" of the statute of limitations in § 2255(f), a showing of "extraordinary circumstances." *Muhammad*, 735 F.3d at 815. As the Eighth Circuit Court of Appeals explained in *Muhammad*,

> An attorney's negligence or mistake is not generally an extraordinary circumstance, however "serious attorney misconduct, as opposed to mere negligence, 'may warrant equitable tolling.'" *Martin*, 408 F.3d at 1093 (quoting *Beery v. Ault*, 312 F.3d 948, 952 (8th Cir.2002)). For example, the Supreme Court remanded for a lower court to make an extraordinary-circumstances determination where the attorney "failed to file [the client's] federal petition on time despite [the client's] many letters that repeatedly emphasized the importance of his doing so," "apparently did not do the research necessary to find out the proper filing date," "failed to inform [the client] in a timely manner about the crucial fact that the Florida Supreme Court had decided his case," and "failed to communicate with his client over a period of years." *Holland*, 130 S.Ct. at 2564.
>
> Comparatively, we have found extraordinary circumstances in a situation where the movant's attorney "consistently lied to [the movant] and his wife about the filing deadline; repeatedly lied to [the movant] and his wife about the status of [the movant's] case; refused to communicate with [the movant] or his family; neglected to file any documents, belated or not, on [the movant's] behalf; and failed to return any of [the movant's] paperwork to him despite repeated requests and then demands." *Martin*, 408 F.3d at 1095.

*Muhammad*, 735 F.3d at 816.

The court in *Muhammad* concluded that the prisoner in that case had not alleged circumstances that came close to those in *Holland* or *Martin*, because, despite the attorney's alleged initial statement that she would file a § 2255 Motion for the prisoner,

the attorney then quit communicating with the prisoner; the attorney did not lie to the prisoner about the deadlines for filing his motion, or repeatedly tell him that she would file the motion; the attorney did not fail to communicate critical information about the prisoner's case; and the attorney did not withhold from the prisoner necessary paperwork to prepare the motion. *Id.* Furthermore, while the court did not "condone" the attorney's failure to respond to the prisoner's attempts to contact her, the court concluded that the attorney's actions did not amount to "extraordinary circumstances." *Id.*

Here, Rodriguez-Ramos contends that, while I may not have "intentionally misled" him about his deadline for filing his § 2255 Motion, what I should have done *sua sponte*, when I construed his Motion For Reduction Of Sentence as a § 2255 Motion and granted his motion to withdraw that Motion, was advise him about the risks of dismissing his Motion and the one-year statute of limitations for any § 2255 motion. I did not simply quit communicating with Rodriguez-Ramos or actively lie to him about the deadline for any § 2255 Motion, nor did the Clerk of Court. *Compare id.* To the contrary, the Clerk of Court responded promptly to Rodriguez-Ramos's December 23, 2012, request for a copy of the docket sheet in his criminal case, *see* December 31, 2012, Correspondence From Defendant And Response (Crim. docket no. 448) (docket entry indicating that docket sheet was mailed to Rodriguez-Ramos), and his February 18, 2013, second request for a copy of the docket sheet in his criminal case and the name and address of the court reporter for his sentencing hearing, *see* February 25, 2013, Correspondence From Defendant And Response (Crim. docket no. 452) (providing court reporter's name and address, with docket entry indicating that docket sheet was mailed to Rodriguez-Ramos). It would have been readily apparent from the docket sheets sent to Rodriguez-Ramos by the Clerk of Court that the Eighth Circuit Court of Appeals issued a ruling denying his motion for rehearing en banc on January 12, 2012; that no petition for writ of certiorari to the Supreme Court had been filed by him or on his behalf in the

17

ninety days following; and that, although I construed his motion for reduction of sentence as a § 2255 Motion, that Motion was "withdrawn," as he requested, not filed as a § 2255 Motion. Thus, it would have been apparent that Rodriguez-Ramos's deadline for filing his § 2255 Motion was April 12, 2013.

Furthermore, neither the Clerk of Court nor I carelessly misstated the deadline for Rodriguez-Ramos to file a § 2255 Motion. *Compare Prieto v. Quarterman*, 456 F.3d 511, 514-16 (5th Cir. 2006) (holding that a district court's order extending the deadline for the filing of the prisoner's *habeas* petition beyond the deadline for filing such a motion misled the prisoner into believing that his motion, filed by the extended deadline, was timely, warranting equitable tolling); *Alexander v. Cockrell*, 294 F.3d 626, 629-30 (5th Cir. 2002) (finding that the district court had not abused its discretion in applying equitable tolling, where the appellate court's prior decision in the case had directed the district court to dismiss his claim for federal *habeas* relief without prejudice, even though the time had already expired for the filing of a federal *habeas* petition); *see generally United States v. Buckles*, 647 F.3d 883, 891 (9th Cir. 2011) (citing cases holding that equitable tolling may apply where a prisoner relies to his or her detriment on a court's incorrect statement of the law or where the clerk of court provides misinformation). We said nothing whatever about such a deadline. My failure to do so *sua sponte*, when I granted Rodriguez-Ramos's motion to withdraw his Motion For Reduction Of Sentence—because I construed that Motion as a § 2255 Motion—simply could not reasonably have suggested that the time for filing a § 2255 motion had been stopped or interrupted while the Motion For Reduction Of Sentence was pending.

Rodriguez-Ramos argues that he was, nevertheless, misled, because "[t]here would be no other reason to construe the original motion as a section 2255 motion other than to preserve the timeliness of Movant's Section 2255 claims." I disagree. The *only* reason to construe his Motion For Reduction Of Sentence as a § 2255 Motion was that *it*

*was only cognizable as* a § 2255 Motion, that is, it was a motion seeking relief from his conviction or sentence on the ground "[1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack." 28 U.S.C. § 2255. Had the Motion For Reduction Of Sentence been *untimely* as a § 2255 Motion, it would have been subject to dismissal on that ground, but the question of whether the Motion For Reduction Of Sentence was timely when construed as a § 2255 Motion never arose in this case.

Rodriguez-Ramos has also failed to demonstrate that "extraordinary circumstances" existed—or even to generate any factual question warranting a hearing on whether or not "extraordinary circumstances" existed, as required to obtain equitable tolling of the limitations period for his § 2255 Motion. *Muhammad*, 735 F.3d at 816-17 (explaining that "equitable tolling" requires both "diligence" by the prisoner and "extraordinary circumstances").

Because Rodriguez-Ramos concedes that his § 2255 Motion is untimely, unless equitable tolling applies, the respondent's Motion To Dismiss his § 2255 Motion is granted.

### III. CONCLUSION

Upon the foregoing, because Rodriguez-Ramos has not satisfied either requirement for "equitable tolling" of the § 2255(f) limitations period for his § 2255 Motion, his § 2255 Motion, filed more than one year after the judgment of the Eighth Circuit Court of Appeals on his direct appeal became final, is untimely. As such, it fails to state a cognizable claim upon which relief can be granted, and must be dismissed pursuant to Rule 12(b)(6). Furthermore, I conclude that Rodriguez-Ramos has failed to make a substantial showing that any issue concerning the untimeliness of his § 2255 Motion,

including "equitable tolling," is debatable among reasonable jurists, that a court could resolve any such issue differently, or that any such issue deserves further proceedings. Consequently, a certificate of appealability is also denied. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 uct 322, 335-36; *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

THEREFORE,

1. The respondent's May 21, 2013, Motion To Dismiss (Civ. docket no. 3) is **granted**;

2. This action is **dismissed with prejudice** as untimely under 28 U.S.C. § 2255(f);

3. Judgment shall issue accordingly; and

4. No certificate of appealability will issue.

**IT IS SO ORDERED**.

**DATED** this 17th day of March, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA